In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00216-CR

                                                ______________________________

 

 

                                ANGELIA GAIL REINHART,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 17652

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Angelia
Gail Reinhart, having been charged with aggravated assault with a deadly
weapon, was placed on deferred adjudication community supervision in 1994.  In 2010, Reinhart was charged with violations
which occurred in 1999 of the terms of her community supervision.  Based on a plea agreement,[1]
the sentence length was altered by the trial judge and she was sentenced to
imprisonment for ten years.  Reinhart now
files a pro se notice of appeal. 

            The
record contains the requisite certification of right of appeal in which the
judge states that the defendant has waived the right of appeal.  The record also contains an omnibus “WAIVER
TO [sic] APPEAL” signed by Reinhart, her counsel, and the trial judge in which
she states that she is waiving (among other things) her right to appeal.  The waiver was signed and filed on September
20, 2010, the date on which she was adjudicated guilty and sentence was
imposed. 

            Under
Tex. R. App. P. 25.2, the filing
of a proper certification of right to appeal is a jurisdictional matter, and
when one appears to be incorrect, it is the duty of this Court to ensure that a
correct certification is prepared and filed. 
See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App.
2005); Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159
S.W.3d 645, 649  (Tex. Crim. App.
2005).  In this case, we have a
certification stating that the defendant has no right to appeal because of
waiver, and the record before this Court does not show that the certification
is defective.  See Dears, 154 S.W.3d
at 613.  Further, the judgment
affirmatively indicates the existence of a bargained-for agreement between the
State and Reinhart, which could support the existence of a valid waiver.  From this state of the record, we have no
option but to dismiss the appeal.

            We
dismiss the appeal for want of jurisdiction.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December
2, 2010

Date Decided:             December
3, 2010

 

Do Not Publish











[1]We
recognize that plea bargains in the statutory sense cannot exist in a
revocation context, as Rule 25.2(a)(2) of the Texas Rules of Appellate
Procedure applies only when a plea is guilty or nolo contendere, and in
revocation cases, the plea is “true” or “not true.”  Tex.
R. App. P. 25.2(a)(2).